UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10029-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

ORESTE CHAVEZ TORRES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's CJA Voucher."

**FACTUAL BACKGROUND AND DISCUSSION**

    The defendant Torres was indicted on September 24, 2013, and was charged in Counts 1, and 62 through 103 of the Indictment, charging him with conspiring to encourage and induce aliens to enter the United States, encouraging and inducing aliens to enter the United States, and alien smuggling for financial gain. Attorney Faith Mesnekoff, Esquire was appointed on October 21, 2013 to represent the defendant Torres, such appointment made pursuant to the Criminal Justice Act, and she participated in the case from the date of her appointment until May 13, 2014. Ms. Mesnekoff now seeks an award of attorneys fees, costs, and expenses, to which she is entitled. The award being sought is in excess of the cap of $9,800.00. The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was lengthy. This cause was indeed both

complex and extended. *United States v. Bailey*, 581 F.2d 984 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp. 78 (D.D.C. 1982).

The Court has carefully reviewed and considered Ms. Mesnekoff's submissions.  It is clear that this cause is "extended"  because of the  amount of discovery, time required in its examination, time for trial preparation, consultations with the defendant, family members,  experts, and witnesses, as compared to the average case. 18 U.S.C. §3006A(d)(3). Ms. Mesnekoff had to locate prospective defense witnesses in Cuba. This was a Key West case and thus required counsel to travel from Miami to Key West on two occasions.

The Court also finds that the case is "complex" because of the numerous defendants, and the substantial number of counts and issues,  especially those charging the defendant Torres.  Torres had numerous personal issues such as mental and behavioral problems that required  Ms. Mesnekoff to spend substantial time addressing such problems with psychologists and psychiatrists.  As a result, Ms. Mesnekoff was required to become familiar with numerous medical and behavioral records of the defendant and with the effects of various medications taken by the defendant.  Because of the defendant's mental problems, resulting in hospitalization, catheterization, and being subjected to being tasered because of his bizarre behavior, Ms. Mesnekoff was faced with such problems in her representation of the defendant.  The defendant was non-communicative in court sessions and Ms. Mesnekoff was compelled to spend an inordinate amount of time with the defendant in explaining all aspects of the case and the discovery so that he could understand the legal and factual issues.

Although the case was resolved by a plea of guilty, Ms. Mesnekoff had to fully prepare for a trial.  She is an excellent attorney with years of experience as an Assistant Federal Public Defender and did an outstanding job in such preparation.  However, the Court finds that numerous entries in

her application for fees were for tasks that were not necessary. Examples of such tasks are set forth as follows:

> 10-29-13 – Preparation of medical release form: .7 hrs., should be .3 hrs.
>
> 10-29-13 – Eliminate 1.4 hrs. re: co-defendants matters
>
> 10-31-13 – Motion for psychological evaluation, etc. should require .5 hours
>
> 11- 06-13 – Review 1st discovery response, should only require 1 hour
>
> 11-14-13 – Motion and Order re: Dr. Quiroga's entry to FDIC should be .5 hours
>
> 11-20-13 – Only 1 hour required for conference re: boat inspection
>
> 11-21-13 – Only .5 hours required to prepare Motion to Continue and Adopt
>
> 12-01-13 – Only 5 hours, not 9 hours, for CD in discovery
>
> 12-03-13 – Only 2 hours necessary for research re: financial gain
>
> Various review of co-defendants motions, orders, pleadings from 12-23-13 to 3-21-13.
>
> The Court also finds that an excessive amount of time was spent in conferences with members of the defendant's family.

The above sets out examples of what the Court deems to be excessive expenditures of time and inclusion of unnecessary tasks.

In considering the application now before the Court, the documentation supporting the application is voluminous and the Court shall rely upon the ruling in *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994), which states *inter alia* that "[w]here fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources." Other circuits have almost uniformly held that where a fee application is voluminous, an hour-by-

3

hour analysis of a fee request is not required. *Jacobs v. Mancuso,* 825 F.2d. 559 (1st Cir.1987); *Mares v. Credit Bureau of Raton,* 801 F.2d. 1197, 1202-03 (10th Cir. 1986); *Copeland v. Marshall*, 641 F.2d 880, 903 (D.C.Cir. 1980).

"In fact, given a voluminous application, most circuits recognize the utility of across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Loranger*, 10 F.3d at 783. The Eleventh Circuit, in *Bivins v. Wrap It Up, Inc.*, 380 Fed.Appx. 888 (2010), holds that "if the district court finds that the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across the board cut." The Court finds that the number of hours claimed is excessive and finds an across the board percentage cut to be appropriate here and shall recommend a percentage cut.

## **CONCLUSION AND RECOMMENDATION**

The Application for Fees and Costs must be modified to reflect an accurate portrayal of the reasonable and necessary time expended on tasks referenced therein. The Court, based upon its expertise in assessing fees and costs based upon 37 years of practice and 23 years as a United States Magistrate Judge, finds that the statutory cap of $9,800.00 should be exceeded and makes the following recommendations:

Counsel's claim for legal fees in the amount of $22,641.40 should be reduced by ten percent (10%) to $20,377.26 for legal tasks that were reasonable and necessary. In addition thereto, she should receive an additional amount of $1,722.46 for travel expenses and $425.78 for other expenses. The Court finds that such travel expenses and other expenses were also reasonable and necessary. Thus, Ms. Mesnekoff should receive a total award of $22,525.50.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 10th day of September 2014.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE